**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| VIKTAR DAMASHEVICH | CIVIL ACTION NO. 26-2026 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| MARKWAYNE MULLIN, ET AL. | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Court has been notified by counsel for the Petitioner that Petitioner Viktar Damashevich was released from custody on October 26, 2026. Record Document 20.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987)). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted). Thus, if a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The proper purpose of a habeas petition is to challenge the fact or duration of a petitioner's confinement. *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, habeas exists solely to "grant relief from unlawful imprisonment or custody and . . . cannot be used properly for any other purpose." *Pierre v. United States,* 525 F.2d 933, 935-36 (5th Cir. 1976). A petitioner's release from the custody of the BOP thus renders his habeas action moot. *See, e.g., Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release because "the thrust of [the] petition is to be released from confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (same).

Petitioner's habeas petition challenges his continued detention after having been granted asylum and withholding of removal by an immigration judge. Petitioner was released from custody. This renders his habeas petition, which is the proper vehicle for challenging only the fact of his immigration detention rather than the merits of his underlying case, moot. *See, Rosales-Fulez v. Ripa,* No. 3:26-cv-2256, 2026 U.S. Dist. LEXIS 214263 *2 (W.D. La. Sept. 21, 2026) (citing *Oguntuyi v. Manuel,* No. 2:24-CV-1069, 2025 U.S. Dist. LEXIS 161476, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted,* No. 2:24-CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot.")); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot

when the petitioner was removed); *Odus v. Ashcroft,* 61 F. App'x 121 (5th Cir. 2003) (same).

Because Petitioner is no longer in custody, his § 2241 petition is moot. Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus, Record Document 1, is **DENIED** and **DISMISSED WITHOUT PREJUDICE** as moot.

**DONE AND SIGNED** at Shreveport, Louisiana, this 24th day of November, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE